[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17214
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-80280-CV-DTKH

JEFFREY SPRAUER,

                                                    Plaintiff-Appellant,

versus

TOWN OF JUPITER,
TOWN OF JUPITER ADMINISTRATOR,
ANDREW LUKASIK,
POLICE CHIEF FRANK J. KITZEROW,
Jupiter Police Chief,
OFFICER SCOTT DE ATLEY,
Jupiter Police Officer, et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 27, 2009)

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

In this case, we review an appeal from the district court's dismissal with prejudice of Jeffrey Sprauer's amended complaint. Because we agree that Sprauer's complaint failed to state a claim, we affirm.

## I. Background

On December 20, 2006, Sprauer, an off-duty police officer employed by the Town of Jupiter, was pulled over in the City of Stuart by Stuart Police Officer George McLane. McLane, concerned that Sprauer might be intoxicated, summoned Stuart Police Officer Matthew Cernuto to the scene because Cernuto's vehicle contained a video camera. The officers gave Sprauer roadside sobriety tests which were videotaped, and administered traffic citations, but did not arrest Sprauer for driving under the influence of alcohol.

Thereafter, the Jupiter Police Department obtained a copy of the videotape of the field sobriety tests from the Stuart Police Department. An internal affairs investigation was commenced by Jupiter Police Chief Frank Kitzerow to determine if Sprauer had violated the police department's rules and if discipline was warranted. Kitzerow assigned Captain Scott De Atley and Lieutenant David England to conduct the investigation. The investigators found, inter alia, that

2

Sprauer drove under the influence of alcohol on December 20, 2006 and improperly attempted to use his position as a police officer to avoid arrest. A pre-termination hearing was held before Kitzerow, after which he concluded that Sprauer was impaired when stopped by the Stuart police. Kitzerow recommended to Jupiter Town Manager Andrew Lukasik that Sprauer be disciplined for policy violations, and possibly terminated. Lukasik issued a letter, rejecting Sprauer's contention that the videotape had been "tampered with in an effort to develop a case" against him, and terminating Sprauer's employment. Pursuant to a collective bargaining agreement, Sprauer was afforded a post-termination hearing before an independent arbitrator. Following the hearing, the arbitrator ordered that Sprauer's employment be reinstated, but did not award recovery for lost pay or benefits.

Sprauer thereafter brought suit under 42 U.S.C. § 1983, alleging, inter alia, violations of procedural due process, substantive due process, and equal protection rights. Following the defendants' motion under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief could be granted,[1] the district court dismissed Sprauer's complaint, but permitted Sprauer leave to amend. Sprauer filed an amended complaint and the defendants filed another Rule

---

[1] We refer to Defendant-Appellees City of Stuart, McLane, and Cernuto collectively as the "Stuart Defendants," and Town of Jupiter, Lukasik, Kitzerow, De Atley, and England as the "Jupiter Defendants."

12(b)(6) motion. The motion was referred to a magistrate judge, who issued a report and recommendation advising that the district court grant the Rule 12(b)(6) motion. The report and recommendation was adopted by the district court in its entirety and Sprauer's complaint was dismissed with prejudice.

Sprauer appeals, arguing that: (1) his complaint properly alleges violations of his substantive due process rights;[2] and (2) the defendants are not entitled to sovereign or official immunity.

## II. Standard of Review

"We review <u>de novo</u> the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." <u>Leib v. Hillsborough County Pub. Transp. Comm'n</u>, 558 F.3d 1301, 1305 (11th Cir. 2009).

## III. Discussion

The district court, adopting the magistrate judge's report and recommendation, dismissed Sprauer's § 1983 substantive due process claim on the grounds that his amended complaint only alleges a protected interest in continued employment, which is not a "fundamental right" as required for a substantive due

---

[2] Because Sprauer's appellate brief does not contain any arguments about his procedural due process or equal protection rights, he has abandoned these arguments. <u>See</u> <u>Tanner Adver. Group, L.L.C. v. Fayette County, Ga.</u>, 451 F.3d 777, 785 (11th Cir. 2006).

process claim. On appeal, Sprauer argues that the district court improperly construed his amended complaint because the complaint "does not claim any rights to continued employment, but complains of the Defendants' conduct in tampering and altering the tape to change its tenor and meaning which deprived Plaintiff of his federally-protected rights. This violation and abridgement is a violation of the substantive due process guaranteed by the United States Constitution . . . ." Sprauer argues that he was denied the "right to be confronted by the truth" and argues that the alleged tampering was "intentional and malicious in an effort to suppress the truth."

Section 1983 does not in itself create federal rights, but rather provides a vehicle for asserting those rights in situations where a plaintiff "was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). Substantive due process "protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc) (quoting Palko v. Connecticut, 302 U.S. 319, 325 (1937)). "The Supreme Court has deemed that most – but not all– of the rights enumerated in the Bill of Rights are fundamental; certain unenumerated rights (for instance, the penumbral right of privacy), also merit protection." Id. (citation omitted). The

fundamental rights protected under the due process clause are rooted in the United States Constitution, and thus substantive due process cannot be used to vindicate rights that are creatures of state law. Greenbriar Vill., L.L.C. v. Mountain Brook, City, 345 F.3d 1258, 1262 (11th Cir. 2003). This court has held that employment rights are state-created and thus not "fundamental," so they do not enjoy substantive due process protection. McKinney, 20 F.3d at 1560.

After construing the amended complaint in the manner most favorable to Sprauer, we conclude that it fails to allege a substantive due process violation. In dismissing Sprauer's initial complaint with leave to amend, the district court gave detailed instructions to Sprauer, including that "each count shall state with specificity both the factual and legal basis for the claim it sets forth." The court defined "legal basis" as "what law gives the plaintiff a right to recover based on the factual scenario alleged." Despite these clear instructions, Sprauer's complaint does not specifically identify any fundamental right that was allegedly violated by the defendants.

The district court construed the amended complaint as alleging that Sprauer was deprived of his right to continued employment, whereas Sprauer now frames his complaint as alleging a deprivation of the "right to be confronted by the truth." In either case, Sprauer has failed to allege a fundamental right that could form the

6

basis of a substantive due process claim. As noted above, employment rights are not entitled to substantive due process protection. Id. Moreover, Sprauer does not cite any authority in favor of his "right to be confronted by the truth," nor has this court ever used such language. The substance of Sprauer's argument appears to be that videotapes were tampered with by the Stuart Defendants and, despite knowledge of this tampering, the Jupiter Defendants released these tapes to the media and used them against Sprauer during his pre-termination proceeding, thereby adversely impacting his reputation and employment. Although these allegations, if true, might form the basis of a state-law tort claim, they do not establish a substantive due process violation. Therefore, Sprauer does not have a valid § 1983 claim based on alleged violations of his substantive due process rights.

Because Sprauer's amended complaint fails to establish a claim upon which relief could be granted, the district court did not err in granting the defendants' Rule 12(b)(6) motion. Accordingly, we need not address the sovereign or official immunity arguments.

**AFFIRMED.**

7